UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAQUEL Y. GORDON,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ,<br>Secretary of Commerce, *et al.*,<br><br>Defendants. | Civil Action No.: 05-1926-RBW |

**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT AND TO TRANSFER**

Defendants respectfully move to dismiss for improper venue, pursuant to Rule 12(b)(3); insufficiency of process, pursuant to Rule 12(b)(4); and insufficiency of service of process, pursuant to Rule 12(b)(5). In the alternative, defendants move for more definite statement of the complaint, pursuant to Rule 12(e), and to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. 1404. A proposed order and supporting memorandum are attached.

January 6, 2006

Respectfully submitted,


KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAQUEL Y. GORDON,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ,<br>Secretary of Commerce, *et al.*,<br><br>Defendants. | Civil Action No.: 05-1926-RBW |

**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT AND TO TRANSFER**

Defendants respectfully move to dismiss this case for improper venue, pursuant to Rule 12(b)(3); insufficiency of process, pursuant to Rule 12(b)(4); and insufficiency of service of process, pursuant to Rule 12(b)(5). In the alternative, defendants move for a more definite statement and to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. 1404.

Plaintiff, *pro se*, alleges in her complaint that she suffered "discrimination in the workplace," Compl. ¶ 1, while working at the United States Patent and Trademark Office ("USPTO"), on the basis of race, sex, and retaliation, id. ¶ 3. She seeks relief under Title VII, the Whistleblower Act, the Equal Pay Act, 42 U.S.C. § 1981, the Privacy Act, and the Federal Tort Claims Act ("FTCA"). At all relevant times, the USPTO was located first in Arlington, Virginia, and then moved to Alexandria, Virginia, both of which are part of the Eastern District of Virginia. See Matthews Dec. ¶¶ 4-6, attached as Ex. 1; 28 U.S.C. § 127(a). The USPTO does not maintain employment records for Plaintiff in Washington, DC, but instead maintains them in Alexandria, Virginia. See Matthews Dec. ¶ 7. Plaintiff does not allege in her complaint that, but

for the alleged discrimination, she would be working in Washington, D.C.; indeed, her complaint does not allege that but for the discrimination she would be working anywhere other than the USPTO's offices in Alexandria, Virginia. See Compl. *passim*.

Plaintiff served on the U.S. Attorney's Office a copy of the same complaint that she filed with the Clerk of the Court and which appears in docket entry no. [1]. This copy bears the pagination "1 of 20," "2 of 20," *etc.*, but does not include pages 11, 12, 15, 18, or 20. The undersigned informed Plaintiff of this deficiency by letter dated November 1, 2005. See Ex. 2. (The USPTO was served with a copy that included page 20.) On December 24, 2005, the undersigned received a fax, apparently from Plaintiff, which appears to represent several of the missing pages of the complaint, but it does not appear that Plaintiff has filed anything with the Clerk of the Court to amend her complaint, nor has she served a complete copy of her complaint on the U.S. Attorney's Office.

**Argument**

**I. Venue is Improper in the District of Columbia.**

The clear *gravamen* of Plaintiff's complaint is her allegations under Title VII regarding employment discrimination. The statutory scheme in Title VII has a special venue provision which specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). Thus, the statute defines four primary possible

venues for a Title VII case. The fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002). Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically impute venue wherever that principal office is located. See, e.g., Robinson v. Potter, No. 04-890 (RMU), 2005 WL 1151429, 2005 U.S. Dist. LEXIS 9491 (D.D.C. May 2, 2005).

Here, venue under Title VII is not proper in the District of Columbia. First, the allegedly unlawful employment practices occurred in Virginia. See Matthews Dec. ¶¶ 4-6. Second, all relevant employment records are maintained by the USPTO in Alexandria, Virginia. See id. ¶ 7. Third, the alleged discrimination did not affect the location of Plaintiff's employment, so this too points to her place of work in Alexandria, Virginia as the proper venue. Finally, Defendant USPTO may be found in the Eastern District of Virginia, in Alexandria, so the fourth basis for venue under Title VII's special venue provision also indicates that venue is improper in D.C. Therefore, Plaintiff cannot establish venue in D.C. under any of the four possible bases in Title VII's special venue provision in section 2000e-5(f)(3). Therefore, Plaintiff's Title VII claims should be dismissed or, in the alternative, transferred to the Eastern District of Virginia.

Similarly, Plaintiff's claims under 42 U.S.C. § 1981 and under the Equal Pay Act, 29 U.S.C. § 206, are governed by the special venue provision of Title VII. See James v. Booz-Allen, 227 F. Supp. 2d 16 (D.D.C. 2002); Turbeville v. Casey, 525 F. Supp. 1070 (D.D.C. 1981). Therefore, these claims must be dismissed or transferred as well.

Plaintiff's Whistleblower Protection Act claims are arguably governed by the general

venue statute in 28 U.S.C. § 1391, which establishes default rules for venue that apply to federal lawsuits where the underlying statutes do not specify their own venue rules. See 28 U.S.C. § 1391(a), (b), and (e) (each applying "except as otherwise provided by law."). Section 1391 provides for three possible bases for venue for claims against federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action." 28 U.S.C. § 1391(e). Of the named Defendants, all "reside" in Virginia, with the exception of the Department of Commerce. Of course, the Department of Commerce is not a proper defendant for an employment case involving federal employment at the USPTO, see 42 U.S.C. § 2000e-16(c) (specifying that the proper defendant is the "head" of the particular "agency" involved, thus leaving the only proper defendants those agencies and officials located in Virginia. Therefore, the first basis indicates Virginia as the proper venue. The second basis for venue also indicates Virginia, not D.C. As for the third basis, Plaintiff resides in Maryland, again showing that venue is not proper in D.C. Accord Al-Beshrawi v. United States, No. 04-743-RCL, 2005 WL 3274104 (D.D.C. Aug. 3, 2005) (transferring Whistleblower claims against USPTO, *sua sponte*, to keep them together with Title VII claims that belonged in Virginia). Therefore, venue is not proper in D.C. for any Whistleblower Protection Act claims, and these must be dismissed or transferred to Virginia.

Venue for Plaintiff's FTCA claims is governed by 28 U.S.C. § 1402(b), which provides only two bases for venue: (1) "where the plaintiff resides" (here, Maryland), or (2) "wherein the act or omission complained of occurred" (here, Virginia). Therefore, her FTCA claims must also be dismissed or transferred to Virginia.

Venue for her Privacy Act claims is governed by 5 U.S.C. § 552a(g)(5), which provides for several bases for venue, including D.C. explicitly. Notably, the other venue provisions in the Privacy Act all point elsewhere, i.e., to the district where "complainant resides" (Maryland), or where "agency records are situated" (Virginia). Id. Thus, while venue is proper in D.C. for any Privacy Act claims, venue would also be proper in the Eastern District of Virginia for such claims. Of course, it makes far more sense from the perspective of judicial economy to keep her claims together in the same court, rather than splitting them up into separate civil actions.

Plaintiff also alleges in her complaint that venue is proper in D.C. on the basis of 15 U.S.C. § 77v & 78aa, and 7 U.S.C. § 25(c). See Compl. at 2. Sections 77v and 78aa apply to criminal securities violations and so do not apply to Plaintiff's claims. Similarly, subsection 25(c) refers to commodities trading violations, and does not apply to Plaintiff's claims.

Therefore, the only claim for which venue is proper in D.C. is Plaintiff's Privacy Act claim, but even that claim would be more appropriately litigated in Virginia, where the appropriate "records are situated" and, moreover, where the agency conduct allegedly occurred. More importantly, venue is proper in Virginia for all of her numerous claims. Therefore, this case should be dismissed in its entirety pursuant to Rule 12(b)(3) for improper venue. In the alternative, this case should be transferred to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).

**II. Plaintiff's Failure to Serve and File A True and Complete Copy of Her Complaint.**

Rule 4 requires plaintiffs to serve upon all defendants a true and complete copy of the complaint, "[u]pon or after filing the complaint" with the Court. See Fed. R. Civ. P. 4(a), (b) & (i). This process ensures that the defendants are served with the same complaint which plaintiffs

file in court. Rules 12(b)(4) and (5) incorporate the requirements of Rule 4 and establish defenses for insufficiency of process and insufficiency of service of process. See generally 5B, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1353 (3d ed. 2004).

Furthermore, Rule 12(e) authorizes the Court to order a plaintiff to file a more definite complaint when the pleading filed is "so vague or ambiguous" that the defendant "cannot reasonably be required to frame a responsive pleading," such as an answer. See Fed. R. Civ. Pro. 12(e). See also Hilska v. Jones, 217 F.R.D. 16, 21-22 (D.D.C. 2003); cf. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (dismissal for failure to comply with Rule 8(e) requirement of short plain statement of claims, citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice & Procedure § 1217) ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable.").

Plaintiff in this case filed in court what appeared be an incomplete complaint, missing pages 11, 12, 15, 18, and 20, and served upon defendants and this Office a similarly incomplete copy (though the USPTO was served with a copy missing only pages 11, 12, 15, and 18). Nearly two months after being informed of this deficiency, Plaintiff faxed to this Office pages that appear to represent pages 11, 12, 15, and 18, but not 20. See Ex. 3.

If these latter faxed pages are deemed to be part of the operative complaint, then Plaintiff has not effected proper service because Plaintiff still has not properly served upon Defendants, according to the requirements of Rule 4(i), a copy the same operative complaint that was filed with the Court. Alternatively, if the latter faxed pages are not deemed part of the operative complaint--because they have not been properly filed with the Court--then the operative

complaint is clearly missing numerous allegations that Plaintiff apparently intends to include in her civil action and is also so vague or ambiguous that Defendants cannot respond to all of its allegations. Therefore, Defendants are entitled to more definite statement. Thus, if the case is not dismissed for improper venue, Plaintiff should be ordered to provide a more definite statement. Note that under either Rule 12(b)(4) and (5) or under Rule 12(e), the Court is fully authorized to strike the complaint as filed and require Plaintiff to file and serve a corrected complaint according to the applicable rules. See 5B, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1354 (3d ed. 2004) (explaining that dismissal of action and quashing of service of the complaint are effectively similar remedies and that either is appropriate under Rules 12(b)(4) & (5)). In light of Plaintiff's failure to correct the obvious deficiencies in the filing and service of her complaint, and in the event the Court does not dismiss the case for improper venue, Defendants respectfully request that the Court dismiss this case pursuant to Rule 12(b)(4) & (5), quash service of the complaint, or strike the complaint altogether.

**Conclusion**

For the foregoing reasons, venue is improper in D.C. and Defendants ask the Court to dismiss the case pursuant to Rule 12(b)(3). In light of the defects in the operative complaint, outright dismissal makes sense instead of transfer. In the alternative, the Court could order Plaintiff to file a more definite statement and transfer the case to the Eastern District of Virginia.

January 11, 2006

Respectfully submitted,

____________________________________

KENNETH L. WAINSTEIN, D.C. Bar # 451058

United States Attorney

______________________________

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

______________________________

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion to Dismiss or in the Alternative for More Definite Statement and to Transfer was served upon *pro se* plaintiff depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Raquel Y. Gordon
6332 Southlake Court
Bryans Road, MD 20616

on this 11th day of January 2006.

______________________________
ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov