UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Raquel Y. Gordon,  )
                   )
    Plaintiff,     )  Civil Action No. 05-1926-RBW
                   )
    v.             )  DATE: February 17, 2006
                   )
Carlos Gutierrez,  )
    Secretary of Commerce, *et al.*, )
                   )
    Defendants.    )

**PLAINTIFF'S OPPOSITION TO AGENCY'S MOTION FOR
DISMISSAL AND CHANGE OF VENUE/ALTERNATIVE MOTION FOR
JURISDICTIONAL DISCOVERY
AND
AFFIDAVIT IN SUPPORT THEREOF**

**Introduction**

Pursuant to the U.S. Constitution in Article I, Section 8, the U.S. Congress located in Washington, D.C. exercises all powers related to "...regulat[ing] commerce with foreign nations and among the several States, and with the Indian tribes" and "...promoting the progress of science and useful arts by securing for limited times to authors and inventors the exclusive Right to their respective writings and discoveries." The U.S. Department of Commerce (USDOC) is the nucleus of several federal agencies and offices including the U.S. Patent and Trademark Office (USPTO). The USDOC promulgates rules and regulations for the USPTO. USPTO "resides" in the District of Columbia as defined by law making venue proper in the District Court of the District of Columbia.

Further, it would be improper to grant defendant's motion for a more definite statement since this complaint is clearly written in plain, understandable English putting Defendants on adequate notice. Furthermore, it would be improper to dismiss or transfer in this case since a more definite statement is not warranted in this case.

Further, it is improper to dismiss or transfer this case in light of Plaintiff's showing of good cause in filing it and Defendant's receipt of notice of the filing.

### Backround Facts

### The Agency Had Sufficient Minimum Contacts in the District of Columbia When this Case Arose

The USDOC's principle place of business is located at 1401 Constitution Avenue, NW, Washington, DC 20230. The USPTO functions under the rules and regulations proscribed by the Office of Personnel Management (OPM). OPM's principle place of business is 1900 E Street NW, Washington, DC 20415-1000. When this Complaint was initially filed the USPTO had offices in Washington, D.C. such as its Office of Public Affairs. Further, the Commissioner of Patents, Office of General Counsel, Group Director, and other personnel who superintended the patent process had businesses addresses designated at "Washington, DC 20231."

### Inadvertent Copy Malfunction Likely Cause for Missing Pages

On or about September 16, 2005, when Plantiff (Pro Se) made the initial copies for this case, it is believed there was a photocopy malfunction, if in deed any pages are missing. The original complaint was intact to the best of Plaintiff's knowledge when she filed the case with the Clerk.

On November 14, 2005, Plaintiff's parents' home caught fire causing them to loose their possessions, a family dog, and use and enjoyment of their home due to fire, water, and smoke damage. From November 14, 2005, through present, Appellant has been assisting her parents in rebuilding their lives. Further, from October 2005 through December 8, 2005, Plaintiff was heavily involved in an ongoing MSPB proceeding on her own behalf, also as a Pro Se litigant. Further, during this time, Appellant was in the beginning stages of an EEO class action of which she is the class agent, and stand-in representative, again, Pro Se.

Further Plaintiff is suffering from a mental impairment as well as financial difficulties.

December 24, 2005 was the earliest possible convenience Plaintiff could find to fax the missing pages to Opposing Counsel. At no time did Opposing Counsel indicate any of the defendants did not receive the Complaint.

On December 31, 2005, the family's second dog died due to a lung collapse due to the previous house fire.

## **STANDARD OF LAW**

It is of no question the USPTO had sufficient minimum contacts in the District of Columbia at the time these claims rose. The Agency's Office of Public Affairs, Commissioner's for Patents, Directors, and other personnel, all had mailing addresses associated with "Washington, D.C. 20231" though the USPTO's main facility was not physically located in Washington, D.C. Nonetheless, for the purposes of 28 U.S.C.S. § 1391, a federal agency does not *reside* in a state merely because it has an office in that state. Instead, a federal agency sued in its own name is considered to be a resident of the

District of Columbia only. <u>Knight v. Corp. for Nat'l and Comm. Serv.</u>, 2004 U.S. Dist. LEXIS 21790 (D. Pa. 2004).

Venue provision as proscribed by Title 28 U.S.C.S. § 1391(e)(1), in pertinent part, states:

> A civil action in which a defendant is an officer or employee of the United States or any Agency thereof acting in his official capacity of under the color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which **(1)** a defendant in the action resides, **(2)** a substantial part of the events or omissions giving rise to the claim occurred.

Pursuant to the Privacy Act, as codified in Title 5 U.S.C. 552(a)(g)(5), venue is proper in the District of Columbia, and is not at issue.

Special Venue provisions of Title VII of the Civil Rights Act, as amended, and as codified in Title 42 U.S.C. 2000e-5(f)(3) states:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in **(1)** any judicial district in the **State** in which the unlawful employment practice is alleged to have been committed, **(2)** in the judicial district in which the employment records relevant to such practice are maintained and administered, or **(3)** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, **(4)** but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought (with emphasis).

Prohibited personnel practices laws as proscribed by Title 5 U.S.C. 2302(a)(12) defines one of many exemplary prohibited personnel practices as to:

> take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

The Federal Tort Claims Act, pursuant to the 28, U.S.C.S. § 1346:

> authorizes the imposition of tort liability on the federal government under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## The Secretary of Commerce and All the Federally Employed Defendants "Reside" in the District of Columbia

The District Court of the District of Columbia has jurisdiction for cases in which the United States is a defendant. The Secretary of Commerce is the proper agent for any suit brought against the U.S. Patent and trademark Office, which is a branch of the U.S. Department of Commerce. For purposes of U.S.C.S. § 1391, the USDOC and the USPTO reside in the District of Columbia, not because of where they are located, but because they are federal agencies. At the time of filing this suit, all named defendants were employees of the U.S. Patent and Trademark Office.

More specifically, at the time of filing the suit, Carlos Gutierrez, was Secretary of Commerce and also the registered agent for suits involving the USDOC or the USPTO. Howard Goldberg[1] was now Acting Chief Financial Officer. Margaret Focarino[2] is Deputy Commissioner of Patent Operations. Nancy Le[3] acted in a position consistent with the title of Assistant to the Deputy Commissioner of Patent Operations. John Barlow[4] was a supervisory patent examiner. All of the defendants are officers and/or employees of the USPTO, and controlled by laws and regulations as promulgated by the U.S. Department of Commerce. Since at least a defendant can be seen to reside in the District of Columbia and there are no "nonfederal" defendants involved, then the D.C. District Court has jurisdiction for this case. It is believed all defendants currently maintain the same respective title and government positions.

---

[1] At the time the initial EEO complaint was filed from which this case arose, Howard Goldberg was Group Director of Technology Center 2800.
[2] At the time the initial EEO complaint was filed from which this case arose, Margaret Focarino was Group Director of Technology Center 2100.
[3] At the time the initial EEO complaint was filed from which this case arose, Nancy Le was a supervisor patent examiner in Technology Center 2800.
[4] At the time the initial EEO complaint was filed from which this case arose, John Barlow was a supervisor patent examiner in Technology Center 2800.

## Venue is Appropriate in the District of Columbia
## For Title VII, Equal Protection Act, and Whislteblower Protection Act Claims

Pursuant to Title 28 U.S.C. § 1391, venue is coterminous with jurisdiction. Here, there is no issue of venue since the D.C. District Court has jurisdiction over federal agencies and federal employees.

Historically, Title 28 U.S.C. § 1391, was designed to accommodate Plaintiff's suing agency heads traditionally promulgating rules and regulations in the District of Columbia. Eventually, the law was broadened to give the Plaintiff more options regarding where to bring suit. However, in no way were the changes ever intended to limit the bringing of suits only to the place of the physical location of the Defendant's place of business. See Reuben H. Donnelley Corp. v. Federal Trade Com., 580 F.2d 264, 267 (7th Cir. 1978). This interpretation opens the door to prejudicial forum shopping and is highly frowned upon since the venue statute was not intended to permit forum shopping. See Hartke v. Federal Aviation Administration, 369 F. Supp. 741, 746 (E.D.N.Y. 1973). To construe the law to limit Plaintiffs from bringing suit only to the location of the facilities she worked would undermine the drafter's intention to and make pertinent sections of Title 28 U.S.C. § 1391 "superfluous." See Reuben H. Donnelley Corp. v. Federal Trade Com., 580 F.2d 264, 267 (7th Cir. 1978).

Hence, the District of Columbia is the proper venue for Title VII (42 U.S.C. § 2000e-5), the Equal Protection Act, and the Whistleblower Protection Acts in this case. This interpretation is consistent with the definition of "State" defined by that section, in relation to federal government jurisdiction. Therefore, this case should not be dismissed or transferred since venue is proper in the District of Columbia.

## Venue is Appropriate in the District of Columbia
## Prohibited Personnel Practice and Federal Tort Claims Act Claims

Further "unlawful employment practices" is defined as "actions taken or failed to have been taken" as proscribed by Title 5 U.S.C. 2302(a)(12). Pursuant to the Federal Tort Claims Act, federal torts occur in the place where the "act or omissions occurred." Title 28 U.S.C. 1391(e) controls venue absent as special venue provision. Investment Fin. Mgmt. Co. v. United States, 1990 U.S. Dist. LEXIS 20952, 13 (D. Ohio 1990).

Appellant was recruited to the Agency under the guise of the "Law School Tuition Assistance Program." The Agency's prohibited personnel practices and tortuous acts manifested themselves in harm to Appellant's educational pursuits as they touch an concern Plaintiff's enrollment in law school in Washington, D.C.

The Office of the Secretary (OS) is at the core of the USDOC. All rules and regulations regarding USPTO operations are promulgated by the USDOC. The OS Mission statement indicates:

> The historic mission of the Department is "to foster, promote, and develop the foreign and domestic commerce" of the United States. This has evolved, as a result of legislative and administrative additions, to encompass broadly the responsibility to foster, serve, and promote the Nation's economic development and technological advancement.[5]

The OS is supposed to fulfill its mission through various means, including but not limited to, "ensuring effective use and growth of the Nation's scientific and technical resources." The OS further had duties entailing performance as follows:

---

[5] *Mission and Organization of the Department of Commerce*, DOO 1-1, section 1.01, as recited at http://204.193.232.34/cgi-bin/doit.cgi?204:112:ca6ff65e72b6f38e4fe42ea2ba9cf9358ad6df26eae063a68a6e8f420a9ac897:245, as posted as of February 17, 2006.

> The Secretary is vested by legislation (e.g., 5 U.S.C. 301) and Reorganization Plans with an authority to provide for the organization and general management of the Department. Reorganization Plan No. 5 of 1950, in particular, provides that:
>
> "The Secretary of Commerce may from time to time make such provisions as [the Secretary] shall deem appropriate authorizing the performance by any officer, or by any agency or employee of the Department of Commerce of any function of the Secretary...."
>
> The principal organizational components and officers of the Department are established either by statute or Reorganization Plan, or by the Secretary pursuant to the authorities referred to above. The Secretary determines the functions to be carried out by the principal organizational components and the authorities exercised by the principal officers of the Department. These are normally prescribed by the Secretary in Department Organization Orders (DOOs). Unless a DOO expressly provides to the contrary, delegations of Secretarial authority constitute only a sharing of that authority, and coequal authority is reserved by the Secretary.

At the time the complaint arose, OS failed to take any action to prevent injury by negligently hiring and supervising the USPTO under his proscribed authority. The Complainant complained to the OS, Congress, and the Commissioner of Patents about the atrocities she experienced in abuses in abuses in personnel practices, rampant and blatant discrimination, retaliation, reprisal, and hostile environment. The terrible, harmful treatment continued for years because the Agency head did nothing to stop it causing grave injury to the Plaintiff. Further, the abuses manifested themselves into the stream of commerce when patent applications were hidden from Plaintiff to further retaliate against her and subjected her to a hostile work environment. This is merely one example of the OS acts of omissions.

## Alternative Motion for Jurisdictional Discovery

Before a dismissal or transfer on this matter, Plaintiff moves for jurisdictional discovery. In light of Richard v. Bell Atl. Corp., 946 F. Supp. 54 (D.D.C. 1996). In Richard v. Bell Atl. Corp., although plaintiffs did not make a prima facie showing of either general or specific jurisdiction over defendants, they were permitted sixty days within which to obtain necessary jurisdictional facts, or else dismiss lawsuit. Richard v.

Bell Atl. Corp., 946 F. Supp. 54 (D.D.C. 1996). Appellant hereby requests at least sixty (60) days to pursue jurisdiction discovery before any dispositive ruling in this case.

### Motion for a More Definite Statement Should be Denied

A "Notice Pleading" is a simple and plain statement indicating the pleader is entitlted to relief. See FRCP 8(a)(2). A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. See Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); and FRA S.p.A. v. Surg-O-Flex of America, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). If the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied. See Tin Pan Apple, Inc. v. Miller Brewing Co., Inc., 737 F. Supp. 826, 839 (S.D.N.Y. 1990).

Here, Plaintiff believes the Complaint in its entirety was properly filed with the Court and available to the Defendant. Plaintiff, using plain language, very clearly and very descriptively discussed the allegations at the basis of her Complaint. The Affidavit proffered of James J. Matthews, as confirmed by Defendants' representative, indicates only pages 11, 12, 15, and 18 were missing in the initial papers he reviewed. Defendants' representative further admitted, by December 24, 2005, he had received, all but page 20 of the alleged missing pages by facsimile from Plaintiff. The pages Defendants' representative alleges were missing contained facts which are all obtainable through discovery. It is believed Defendant had a sufficient clear understanding of the facts necessary to provide a sufficient answer by the January 13, 2006 filing deadline. Thus, Defendants' motion for a more definite statement should be denied.

## It would be Highly Improper to Dismiss Pro Se's Case for Insufficiency of Service and Insufficiency of Service of Process Due to Pro Se's Abundance of Good Faith

Plaintiff, a Pro Se complainant, made a timely filing in following the rules as posted on the District Court website. When a Pro Se Plaintiff shows good cause as to why there was insufficiency of Service and Insufficiency of Service of Process, absent bad faith, a pro se plaintiff's case should not be dismissed. See Murungi v. Simmons, 2001 U.S. Dist. LEXIS 18983 (D. La. 2001). Murugni v. Simmons, is on directly on point as compared to the instant case. In Murugni v. Simmons, the Court rightfully denied Defendant's motion to dismiss Plaintiff's complaint based on insufficiency of service of process. In Murugni v. Simmons, the Defendant did not allege bad faith on the part of Plaintiff. Further, the Defendant appeared to have received the complaint as evidenced by their filing of motions for extensions of time and motions for admission of counsel. The court found that Plaintiff's good faith attempts to serve Defendants and Defendant's notice of the suit were sufficient to show good cause. *See also* Ensenat v. Oreck Corp., 2000 U.S. Dist. LEXIS 620, 2000 WL 62932 (E.D. La. 2000). Cf. Bishop v. Rakestraw, 1996 U.S. Dist. LEXIS 21398, 1996 WL 407983, at 2 (N.D. Miss. 1996) (plaintiff's repeated attempts to serve **process** and defendant's actual notice established good cause).

Similarly to the Murugni v. Simmons, Ensenat v. Oreck Corp., and Bishop v. Rakestraw, Plaintiff made a reasonable attempt to notify the Defendants through certified mail and by notifying the Attorney Generals and States Attorneys as proscribed by the Rules. In light of all her trials and tribulations, at the earliest possible time, Plaintiff faxed to the Attorney of Record what she believed to be the missing pages, as described. Thought it appears Plaintiff mistakenly faxed page 14 instead of Page 20, it appears by

the Affidavit of Mr. Matthews, page 20 already was available to the attorney or record, so there was no real issue.

Defendants' representative does not establish whether he attempted to obtain the complete complaint from the US District Court's DC file room. Alleged missing page 20 included a certificate of service and contained no information regarding the facts of the Complaint.

Opposing Counsel claims to have attempted to contact Plaintiff by calling 301-375-9055. The Agency has had the same telephone number for Plaintiff since 1995. The telephone number Plaintiff has had on file with the agency is 301-283-6251. USPTO representatives in the USPTO's Office of General Counsel have contacted Plaintiff on a regular basis between October 2005 and present via phone, internet, mail, and/or face-to-face conferences. It appears the Attorney of Record could have contacted Plaintiff at anytime via the USPTO Office of General Counsel Attorney's paralegal, (i.e. Tawanada M. Plater) from whom Plaintiff has received correspondence from the Agency. See Exhibit A. Opposing Counsel also did not indicate if any of the named individuals received the complaint in its entirety or if he received a copy in its entirety from the US District Court's DC file room, or electronically. It is believed the there is a underlying bad faith in the showing of having attempted to contact Plaintiff regarding this issue. It suspiciously appears as if Opposing counsel is inflating the issues to create a basis for his motion.

In light of the fact, Plaintiff request Defendant's motion for dismissal on the basis of insufficiency of service and insufficiency of service of process be denied due to Plaintiff's showing of good cause and admitted receipt of notice by Defendants.

## Conclusion

Wherefore the Plaintiff Requests the Defendant's motion for dismissal and/or transfer be **DENIED** and this case is allowed to proceed forward to a **JURY TRIAL**.

Or, in the alternative, Plaintiff's motion for **Jurisdictional Discovery** should be granted.

## Attestation

I hereby swear under the penalty of perjury, pursuant to 28 U.S.C. § 1746, this statements herein are true to the best of my knowledge and belief.

Respectfully Submitted

*/s/ Raquel Gordon*                                    2/17/2006
Raquel Y. Gordon, Pro Se                               Date
6332 Southlake Court
Bryans Road, MD 20616
Tel: 301-283-6251

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *PLAINTIFF'S OPPOSITION TO AGENCY'S MOTION FOR DISMISSAL AND CHANGE OF VENUE/ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY AND AFFIDAVIT IN SUPPORT THEREOF* on the date indicated in the following manner:

**(Via First Facsimile)**
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-8780

_____          2/17/2006
Raquel Y. Gordon