UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAQUEL Y. GORDON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS GUTIERREZ, )<br>    Secretary of Commerce, *et al.*, )<br>)<br>    Defendants. )<br>) | Civil Action No.: 05-1926-RBW |

**DEFENDANT'S COMBINED (1) REPLY IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT
AND TO TRANSFER, (2) OPPOSITION TO PLAINTIFF'S MOTION
FOR JURISDICTIONAL DISCOVERY, AND
(3) OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants respectfully file this reply memorandum in support of the motion to dismiss or in the alternative, for more definite statement and to transfer this case to the Eastern District of Virginia, docket entry no. [11], filed January 11, 2006. Plaintiff, *pro se*, alleges employment discrimination while working at the United States Patent and Trademark Office ("USPTO"), which is located in Virginia. Although Plaintiff's arguments are not substantial, a response to them is likely to be useful in order to correct the large number of factual and legal errors she makes in her opposition to the motion to dismiss and her two related, concurrent motions.

1.    **Venue.** First, the fact that the Department of Commerce "resides" in D.C. does nothing to change the analysis under the special venue provision in Title VII, 42 U.S.C. § 2000e-5(f)(3). Plaintiff argues, irrelevantly, that the Secretary of Commerce had sufficient contacts with the District of Columbia to trigger venue here pursuant to 28 U.S.C. § 1391. This is simply

not sufficient to trigger venue here under Title VII's controlling venue provision, which refers to various aspects of the actual job, and agency records, etc., not the location of the parent Cabinet-level Department.

The relevant facts are these: First, the allegedly unlawful employment practices occurred in Virginia. Second, all relevant employment records are maintained by the USPTO in Alexandria, Virginia. Third, the alleged discrimination did not affect the location of Plaintiff's employment, so this too points to her place of work in Alexandria, Virginia as the proper venue. Finally, Defendant USPTO may be found in the Eastern District of Virginia, in Alexandria, so the fourth basis for venue under Title VII's special venue provision does not apply. See Def. Mot. Dismiss. Plaintiff has not disputed these facts. Therefore, Plaintiff cannot establish venue in D.C. under any of the four possible bases in Title VII's special venue provision in section 2000e-5(f)(3). Similarly, as explained in Defendant's motion to dismiss, at 3, venue for her related claims based on Section 1983 and the Equal Pay Act are also governed by Title VII's venue provision. In addition, Plaintiff does not address Defendant's arguments about the other venue provisions for her other claims under the Whistleblower Protection Act, the Federal Tort Claims Act, and the Privacy Act, all of which point to the Eastern District of Virginia as the proper venue. See Def. Mot. Dismiss at 3-5.

Moreover, Plaintiff is mistaken in asserting that the USPTO maintains an Office of Public Affairs in D.C. The agency was located in Washington almost forty years ago, that is prior to its office move to Arlington, Virginia in fiscal years 1967-68. See Matthews Supp. Decl., attached as Ex. 1, and attached Annual Report at 8. As for the Washington mailing address, the USPTO used that for a time prior to its move to its present location, but it did not conduct any business in

D.C. as a result. See Hassett Decl., attached as Ex. 2. As a former employee of the USPTO, Plaintiff presumably knows where her former office is located, and she probably knows where the USPTO's other local offices are as well. It is telling that she cannot provide any employment-related link between her work at the USPTO and what she now alleges is the agency's alleged D.C. location. In any event, even under Plaintiff's view of the facts, venue is still not proper in D.C. for her employment claims.

2.  **Incomplete Complaint.** Last fall, Plaintiff faxed to this Office what she purported to be a copy of her complaint in this civil action. That copy was missing several pages, as explained in Defendant's motion to dismiss. Undersigned counsel then obtained, via PACER, the copy of the complaint that Plaintiff filed with the Court. That copy was missing the very same pages. Plaintiff offers no explanation for how both copies were missing the same pages, nor has she corrected the copy that she filed with the Court. Plaintiff hints that the error may have originated from the copying or scanning done by the Clerk of the Court to enter her filed complaint into PACER, but it is all but impossible that anyone else other than Plaintiff could have caused the same pages to be missing from both the copy she faxed to this Office and the copy that ended up in the Court's PACER system. (The copies Plaintiff served on the individual defendants were also missing those same pages.)

The basis for Defendant's motion for more definite statement or dismissal for insufficiency of process and/or service is simply that Plaintiff has not complied with her obligations under the Federal Rules of Civil Procedure to serve a true and complete copy of her complaint on Defendants. This omission, which may well be fairly characterized as a technical one, is not simply one that should be waved off with assertions of her "abundance of good faith"

in light of the many factual assertions in her opposition that are incorrect or misleading.

First, she claims she faxed a complete copy of her complaint to the undersigned "at the earliest possible time," see Plf. Opp. at 10, but fails to provide an adequate explanation for why that meant seven weeks after being put on notice of the insufficiency by the undersigned. (Curiously, she faxed most of the extra pages on Saturday, December 24, 2005, just after undersigned left on leave for the holidays.) Instead, she explains that during that same time period, she found time to be "heavily involved in an ongoing MSPB proceeding" in addition to "the beginning stages of an EEO class action[.]" See id. at 3. Far from an excuse, this explanation merely underscores that she had sufficient time to devote to prosecuting this lawsuit because it was the only one of these proceedings to have reached federal court.

Second, she asserts that the undersigned did "not establish whether he attempted to obtain the complete complaint from the US District Court's DC file room." Id. at 11. It should be clear that the undersigned has no obligation, after having checked PACER, to consult the actual hard copy on file to determine if the clerk's office made an error in entering the hardcopy into the PACER system on Plaintiff's behalf. (Just for the record, the undersigned did call chambers, on November 1, 2005, to point out the flaw in the complaint, and was referred to the Court's *pro se* office, who indicated that there was nothing they could do about it.)

Third, Plaintiff accuses the undersigned of bad faith (apparently in requesting additional time to file the motion to dismiss, nos. [9] and [10]) in explaining that the undersigned attempted to contact her by telephone. See Plf. Opp. at 11. The undersigned attempted to call Plaintiff at 301-375-9055 because that is the telephone number that is listed in directory assistance for Plaintiff and it is the phone number that was suggested to the undersigned by the District Court's

Staff Attorney in a phone call to the undersigned on December 2, 2005, shortly after Defendant filed its first motion for more time to file an answer (no. [9], filed Dec. 1, 2005). Neither Plaintiff's complaint nor the Court's docket sheet indicates any phone number for Plaintiff.[1]

Moreover, others have had similar trouble contacting Plaintiff at the phone number she now claims is correct, 301-283-6251. See Ex 3 (recent administrative judge order and response by Plaintiff). For these reasons, Plaintiff's claims about bad faith are not only without basis in fact, but they in fact demonstrate that the source of the difficulty in contacting her is her own failure to provide the Court and Defendant with proper and current contact information. At first blush, all this argumentation about contact information may seem overblown and not worthy of judicial attention, but unfortunately Plaintiff's failure is completely consistent with her failure to provide a complete and accurate copy of her complaint, and completely consistent with her similar behavior in administrative proceedings. It is for these reasons that Defendant respectfully suggests that Plaintiff's failure to comply with Rule 4 should not be lightly dismissed as the one-time error of a *pro se* litigant. In the context of a suit with clearly improper venue, dismissal without prejudice is the most appropriate remedy.

3.  **No Basis for Jurisdictional Discovery.** Plaintiff cites Richard v. Bell Atl. Corp., 946 F. Supp. 54 (D.D.C. 1996), in support of her motion of jurisdictional discovery. There is simply no need for any jurisdictional discovery here because Plaintiff has failed not only to contest any of the relevant facts regarding venue, but she has also failed to explain what facts she

---

[1] Moreover, because Local Rule 7(m) applies only to "counsel" and does not apply to *pro se* litigants, cf. Local Rule 16.3(a) (which does apply to "nonprisioner *pro se* part[ies]"), there is no basis whatsoever for any obligation, implied or otherwise, for undersigned to make investigations sufficient to locate current and correct contact information for *pro se* plaintiffs, other than to refer to information in the record.

would seek to discover that could possibly go to venue. Cf. Fed. R. Civ. Pro. 56(f). Moreover, the Richard case presented a factual question of whether a parent corporation sufficiently controlled the conduct of the employees of its subsidiary that the parent could be a proper defendant. The jurisdictional issue (involving a private corporation) disputed in Richard is not disputed here, nor are any other issues meriting factual discovery. A proposed order is attached.

    4.    **No Basis for Sanctions.** As an initial matter, Plaintiff's request for sanctions under Rule 11(b) should be summarily rejected for the simple reason that she has not complied with the provisions in Rule 11 for seeking them. Rule 11 expressly requires that movant must serve the motion for sanctions 21 days prior to filing the motion in court, in order to provide time for the withdrawal or correction of the motion, pleading or other paper. See Fed. R. Civ. Pro. 11(c)(1)(A); see also Charles Alan Wright & Arthur R. Miller, 5A Federal Practice & Procedure §§ 1337 to 1337.2 (3d ed. 2004); id. at 713 ("a motion for sanctions may not be filed or presented to the district court until twenty-one days have elapsed after service of the motion on the parties[.]"). This rule provides a safe harbor for the other party to correct or withdraw the paper called into question. See, e.g., Long v. DOJ, 207 F.R.D. 4 (D.D.C. 2002).

Plaintiff faxed her motion to counsel for Defendant on February 17, 2006. The Court's ECF email notification for Plaintiff's motion for sanctions, no. [17], indicates that Plaintiff filed the motion on the same day, February 17, 2006 (although it was subsequently entered on February 28, 2006). Thus, Plaintiff failed to give counsel for Defendant any time to correct, much less the twenty one days required by Rule 11. (It bears noting that Plaintiff cites Rule 11 explictly in her motion. See Plf. Mot. Sanctions, no. [17], at 2.) Because Plaintiff violated the express procedure of Rule 11(c)(1)(A), her motion should be summarily rejected for that reason

alone.

Furthermore, the original Matthews declaration was not deficient. Mr. Matthews explained in the original declaration that he is the Director of the Office of Human Resources at the USPTO. As such, he has direct personal knowledge of much of the USPTO's administrative practices, rules, and operations. This includes access to and familiarity with the personnel files of the USPTO's employees, the nature of their work, and the location of their respective places of employment. The background given in the original declaration, while not extensive, is sufficient to establish the necessary personal knowledge for Mr. Matthews to be competent to testify to the matters therein, per Federal Rules of Evidence 601 and 602. Therefore, there is no basis for calling the original declaration into question.

Finally, any perceived deficiency in the explanation of the declarant's personal knowledge is hereby corrected with the filing of the Mr. Mathews' supplemental declaration which more fully explains how he came to have the requisite personal knowledge to permit him to testify competently about the subject matter of his original declaration. See Ex. 1 hereto. Therefore, even if the original declaration were somehow suspect, any flaws have been corrected. Thus, there are at least three separate reasons why sanctions should be denied: (1) Plaintiff failed to comply with the safe harbor provision in Rule 11, (2) the original declaration provided adequate explanation of Mr. Matthews' personal knowledge, and (3) any flaws in that declaration have been corrected. Plaintiff's motion for sanctions should be denied. A proposed order is attached.

## Conclusion

Venue is undeniably improper in D.C. Moreover, rather than correct the technical

problems with her complaint, Plaintiff casts aspersions without factual basis. For these reasons, dismissal without prejudice makes more sense than transfer. In the alternative, the Court could order Plaintiff to file a more definite statement and transfer the case to the Eastern District of Virginia.

March 2, 2006                                              Respectfully submitted,

                                                                                                                  _____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

                                                                                                                   _____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

                                                                                                                   _____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that the foregoing Defendant's Combined (1) Reply in Support of Motion to Dismiss Or in the Alternative for More Definite Statement And to Transfer, (2) Opposition to Plaintiff's Motion For Jurisdictional Discovery, and (3) Opposition to Plaintiff's Motion for Sanctions was served upon *pro se* plaintiff depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

    Raquel Y. Gordon
    6332 Southlake Court
    Bryans Road, MD 20616

on this 2nd day of March 2006.

 

                                  ALAN BURCH
                                  Assistant United States Attorney
                                  555 4th St., N.W.
                                  Washington, D.C. 20530
                                  (202) 514-7204
                                  alan.burch@usdoj.gov