

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
WASHINGTON FIELD OFFICE
1801 L STREET, N.W., SUITE 100
WASHINGTON, D.C. 20507

Raquel Y. Gordon, *et al.*,    )
    Complainant,    )
        )
        )
    v.    )    EEOC Case No.: 100-2006-00058X
        )
        )    Agency Case No.: 05-56-52
Carlos M. Gutierrez,    )
Secretary,    )
Department of Commerce,    )    Date:    January 13, 2006
(U.S. Patent and Trademark Office),    )
    Agency    )
        )

### ORDER GRANTING AGENCY'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Pursuant to a December 5, 2005 Order granting Complainant's request to engage in discovery regarding the captioned matter, the parties were given 45 days to complete such discovery.

In a Motion from the Agency, faxed to the undersigned on January 10, 2006, the Agency is requesting an extension of the discovery completion deadline for both parties until February 28, 2006. The Motion was mailed to Complainant, so that her receipt is not presumed until January 17, 2006.

The Agency's Motion indicates that although it scheduled a deposition of Complainant on January 17, 2006, it would like to re-schedule the deposition to a later date, after January 19, 2006, the date when Complainant's responses to the Agency's discovery requests are due. The Agency additionally avers that despite adherence with the time-frames in the December 5, 2005 Order, its own discovery responses are not due until after expiration of the discovery deadline.

In its Motion, the Agency indicates that it attempted to telephonically contact Complainant to obtain her consent to the extension, on both January 9 and January 10, but that such attempts failed. Moreover, the designated agency representative telephonically contacted the undersigned administrative judge, on January 12 and 13, to attempt to initiate a conference call with Complainant concerning the extension request. In the course of these attempts, as well as other attempts made by the Agency representatives, as well as the undersigned, it appears that the telephone number provided by Complainant may now be a fax number, given the characteristic sounds of such a connection. I note that when the parties engaged in a conference call in early December 2005, Complainant was successfully contacted using this same telephone number.

1

In further attempts to contact Complainant, the undersigned used a telephone number provided by directory assistance on January 12, 2006. However, there was no answer, and no mechanism to allow one to leave Complainant a voice mail message. The Agency representatives assured the undersigned that they also made attempts to contact Complainant using this number, to no avail. Additionally, I note that the agency representative, Maria Campo, verified that Complainant is no longer an agency employee.

Because I find that the extension requested by the Agency is reasonable, and would not prejudice Complainant, and because a convenient re-scheduling of the January 17, 2006 deposition cannot occur without a ruling today (Ms. Campo has verified to the undersigned that it would notify Complainant of the schedule change by overnight delivery service, initiated today), and because all telephonic attempts to contact Complainant, over a 5-day period have failed, I am GRANTING the Agency's Motion to extend the discovery deadline until February 28, 2006. However, in the event that Complainant has reason to oppose the Agency's Motion, I will entertain a request to reconsider this ruling from Complainant.

I am also requesting that as soon as possible Complainant provide a daytime telephone number, or an e-mail address at which she can be reached, to both the Agency representatives, and the undersigned. I am also requesting that unless it is a matter of great urgency, the Agency representatives refrain from telephonically contacting the undersigned administrative judge unless Complainant is also on the line.

It is so ORDERED.

For the Commission:

Mary Lynne Schwartz
Administrative Judge
Telephone: 202-419-0742
Facsimile: 202-419-0701

02/28/2006 11:17 FAX 571 273 0099    USPTO OFC OF GEN COUNSEL                    ☑008
Jan-13-2006  13:44    FROM-EQUAL EMPLOYMENT OP                         T-527   P.004/004   F-982

Case 1:05-cv-01926-RBW    Document 20-4    Filed 03/02/2006    Page 3 of 7

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER and any attachments within five (5) calendar days after the date they were sent *via* first class mail, or the same day if sent *via* facsimile or electronic mail. I certify that on January 13, 2006, the foregoing ORDER and any attachments were sent *via* facsimile or first class mail, as set forth below, to the following:

Raquel Y. Gordon, Complainant
6332 Southlake Court
Bryans Road, Maryland 20616
*Via* first class mail.

Maria C. Campo and Sharyn Danch, Agency Representatives
United States Patent and Trademark Office
Office of the General Counsel
P.O. Box 15667
Arlington, VA 22215
Telephone: 571-272-3000
Fax:: 571-273-0099
*Via* facsimile.

Mary Lynne Schwartz
Administrative Judge

3

Raquel Y. Gordon, et al.,                    )
      Complainant,                           )
                               )
                               )  EEOC Case No. 100-2006-00058X
v.                                            )
                               )  Agency Case No.: 05-56-52
Carlos M. Gutierrez,                          )
Secretary,                                    )  DATE: January 24, 2006
Department of Commerce                        )
(U.S. Patent and Trademark Office),           )
      Agency.                                )
                               )
                               )

## COMPLAINANT'S REQUEST FOR EXTENTION OF TIME OR IN THE ALTERNATIVE REQUEST FOR CLARIFICATION EXTENTION OF TIME HAS BEEN GRANTED FOR BOTH PARTIES

On January 19, 2005, Complainant received the Order to grant Agency's motion for an extension of time for both parties. To clarify the record, Complainant respectfully request that the motion be treated as a joint motion so that Complainant's time for response is extended accordingly. This is consistent with Agency's request in Item 7 of its January 13, 2006 request for extension of time received by Appellant January 19, 2005.

On December 29, 2005[1], Complainant received Agency's initial Discovery request. Hence Complainant's response would ordinarily be due on January 24, 2006. The Agency's Discovery requests has included material outside of Complainant's control including requests from other potential class members. Several potential members have also requested more time to respond. An extension of time would assist Complainant in complying with Agency's discovery requests.

Complainant would like to note for the record the dates in item 3 and 6 of Agency's motion are all incorrect and misleading. It is presumed the Agency received Appellant's green card from their initial Discovery request within five (5) days. Hence, the Agency should have known by January 3, 2006 that Complainant received the Agency initial Discovery request on December 29, 2005.

Further, on January 19, 2006, Complainant received a letter dated January 13, 2006 from the Agency which was misleading in suggesting AJ finally granted

---

[1] This information also response to Agency's voicemail left January 23, 2006 at approximately 5:15p.m. While the Agency informed Appellant they could not tell by the green return receipt postcard when Complainant received he discovery request, Appellant distinctly recalls clearly writing "12/29/2005" on the postcard.

their motion despite having no input or argument from Complainant. Further, the voicemail left by Ms. Campo and Ms. Dynch on January 23, 2006 suggested the Agency is not treating their request for an extension of time from both parties as a "joint" motion for an extension of time,[2] though item 7 of their motion and the AJ's January 13, 2006 Order both indicate the extension of time has been approved for both parties.

Complainant's multi-function phone line's number remains to be 301-283-6251. Complainant thanks the AJ for noting a fax machine appears to pick up instead of voicemail. This situation has been rectified and messages can now be left when Complainant is not immediately available to answer the phone. Complainant apologizes for any inconvenience.

Respectfully Submitted,

Raquel Y. Gordon
6332 Southlake Court
Bryans Road, MD 20616
301-283-6251

---

[2] Ms. Campo indicated that she and Ms. Dynch were leaving the voicemail message. Ms. Campo questioned why they had yet to receive Complainant's discovery, not taking into account the discovery would not have been due until January 24, 2006, but for the AJ granting Agency's motion to extend the time for discovery to February 28, 2006 for both parties.

R. Gordon Class Complaint

## CERTIFICATE OF SERVICE

I certify a copy of this *Complainant's Request for Extension of Time or in the Alternative Request for Clarification Extension of Time Has Been Granted for Both Parties* was delivered to the other party in this matter in the below stated manner:

**(Via Facsimile)**
Maria C. Campo and Sonya White, Agency Representatives
Associate Counsel
United States Patent and Trademark Office
Office of the General Counsel
P.O. Box 15667
Arlington, VA 22215
Telephone: 571-272-3000
Fax: 571-273-0099

_____
Raquel Y. Gordon

_____   1/24/2006
Date

R. Gordon Class Complaint

02/28/2006 11:19 FAX 571 273 0099    USPTO OFC OF GEN COUNSEL    @005
01/24/2006 14:46    3012833633    RAGUEL Y GURDUN    PAGE 05/05

Mary Lynne Schwartz
Administrative Judge
Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507
Tel: 202-419-0700
Fax: 202-419-0739

R. Gordon Class Complaint                                    Page 4 of 4