UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAQUEL Y. GORDON, *pro se*, | ) <br> ) |
| Plaintiff, | ) ) Civil Action No.: 05-1926-RBW |
| v. | ) ) ) |
| CARLOS GUTIERREZ, <br> Secretary of Commerce, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR JURISDICTIONAL DISCOVERY AND SANCTIONS**

Defendants respectfully oppose *pro se* Plaintiff's Second Motion for Jurisdictional Discovery and Sanctions, docket entry no. [22]. Plaintiff's Second Motion is as baseless as her first such motion on the merits, and even more flawed procedurally than the first because she has now been put on explicit notice of the procedural prerequisites for seeking sanctions under Rule 11, by Defendants' opposition to her first motion. Nevertheless, she again ignored Rule 11's express prior service requirements in filing the instant motion.

1. Defendants respectfully refer the Court to their first opposition to Plaintiff's motion for jurisdictional discovery and sanctions, docket entry nos. [19] and [20]. Plaintiff raises no new arguments worthy of response.

2. Plaintiff persists in insinuating that the Clerk of the Court is somehow to blame for Plaintiff's failure to provide a complete copy of her complaint to the Court:

> It is believed the originally signed complaint may be filed with the court with all pages in tact [sic]. A clerk in the file room indicated the original goes to the Judge and a copy is left in the file. Plaintiff only indicated that she had a good faith belief that she filed a

> complete original complaint with the court. It is possible the *copy* of the original may have inadvertently been caused to miss pages during the copy process prior to filing with the court (with emphasis).

Plf. 2d Mot. Jur. Disco. & Sanctions, docket entry no. [22], at 5 (emphasis in original). It is obvious that Plaintiff filed an incomplete copy with the Court, yet she persists in denying it while arguing that she is acting in good faith and deserves leniency. At the same time, she also admits that she waited until this last February to inquire with the Clerk's office about the problem, despite being put on notice back in early November by counsel for Defendants.

      3.     Plaintiff also mistakenly presumes that this Office is responsible for scouring through the files of its client agencies in order to look for more current contact information than the contact information that she provided to the Court, pursuant to her obligations as a litigant. See id. at 6 of 9 (referring to other phone numbers discussed in her administrative proceedings). Undersigned counsel researched the issue of contact information only as necessary to litigate the issues she presented in her filings before this Court. Plaintiff is again trying to evade her responsibility to provide accurate contact information to the Court and Defendants, very much like her resistance to accepting her responsibility to provide a complete copy of her pleadings. Even at this early stage of these case, her pattern of abuse of process has already become clear.

## Conclusion

     Accordingly, Defendants oppose Plaintiff's second motion for jurisdictional discovery and sanctions.

March 31, 2006                         Respectfully submitted,

                                                        _____
                                                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                        United States Attorney

                                                                          RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that the foregoing Defendant's Opposition to Plaintiff's Second Motion for Jurisdictional Discovery and Sanctions was served upon *pro se* plaintiff depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Raquel Y. Gordon
6332 Southlake Court
Bryans Road, MD 20616

on this 31st day of March 2006.

_____
ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov