UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Y. Gordon, Pro Se )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>Carlos Gutierrez, )<br>Secretary of Commerce, *et al.*, )<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | Civil Action No. 05-1926-RBW<br><br>DATE: April 10, 2006<br><br>**PLAINTIFF'S MOTION TO DISQUALIFY/EXCLUDE DUE TO CONFLICT OF INTEREST, MOTION TO STRIKE USDOJ AND/OR USPTO SUBMISSIONS, MOTION TO STRIKE AFFIDAVITS OF JAMES J. MATTHEWS, MOTION FOR DEFAULT JUDGMENT, REQUEST FOR SANCTIONS, AND AFFIDAVIT IN SUPPORT THEREOF** |

Now comes the Pro Se Plaintiff to request the Honorable Judge grants her motions on the following:

*Motion to Disqualify/Exclude USDOJ and USPTO Attorneys*
*Due to Conflict of Interest Rising to the Level of Misconduct In light of Evidence*

A motion to disqualify the USPTO Office of General Counsel was submitted on March 23, 2006 in EEOC Class Action No. 100-2006-00058X (Agency Case No. 05-56-52). The motions submitted in the class action is supported by strong evidence USPTO's OGC engaged in multiple conflicts of interest arising to the level of misconduct. See Ex. A and supporting exhibits at Ex. B.

The facts supporting the motion indicate the Agency mixed its defensive functions with its EEO functions when it allowed its Agency and OGC Attorneys to work as OCR Acting directors to obtain an unfair advantage in the prosecution of EEO cases.

RECEIVED
APR 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

During the time this District Court case was in the jurisdiction of the EEOC. OGC Attorney Maria Campo went to work for approximately two (2) years as Acting Director of the Office of Civil Rights. The evidence further shows the former Acting Director Maria Campo continued to work on EEO cases when she came back to work in the Office of General Counsel after having worked as a "neutral." EEOC and US law and laws of professional ethics dictate working on both sides of a case in this manner is illegal and frowned upon. *See Compl. Mot. To Disqualify* at Ex. A, and supporting points and authorities at *Standard of Law*, therein and hereby incorporated by reference.

Moreover, the evidence strongly supports USPTO OGC Attorney Maria Campo was not properly screened from EEO cases or from other OGC Attorneys who work on the EEO cases along with her.

One USPTO attorney, Sonya White, by her own admission appears to be working extensively on this District Court case. *See* Ex. C, ¶¶ 3-4. Ms. White and Ms. Campo have been unfairly involved in Plaintiff's related cases before the Agency which contain underlying EEO issues which is unduly prejudicing Plaintiff on all fronts.

In light of the strong evidence, it is requested that the USDOJ and USPTO OGC, are disqualified and/or excluded from working on this District Court case due to a prejudicial, and unfair conflict of interest.

### *Motion to Strike USDOJ and USPTO Submissions*

In light of the strong evidence that all the USDOJ's work can be likened to "fruit of the poisonous tree," Plaintiff believes this case is tainted and all motions and supporting documents filed thus far by the U.S. Department of Justice on behalf of the USPTO and/or the Defendants should be stricken from the record.

### *Motion to Strike the Affidavit of James J. Matthews On Independent Grounds*

On February 17, 2006 and March 17, 2006, Plaintiff submitted motions in support of this District Court's proper jurisdiction and venue over this case. Further, the Plaintiff indicated it was believed the affidavits of James J. Matthews provided by the Agency are not credible since they contradicted each other and do not appear to be based on Mr. Matthew's personal knowledge. In light of Plaintiff's arguments already present in the record, Plaintiff request the affidavits of Mr. Matthews submitted with Defendant's *Motion for Dismissal and Change of Venue* and *Defendant's Combined Reply* be stricken from the record.

### *Motion for Sanctions*

It is further requested all Attorney's working in this matter be disqualified and/or excluded, and reported to their respective Bar grievance committees for further review into possible misconduct as it appears there has been no proper screening in this case. Further monetary sanctions are requested in this matter in the amount of at least $15,000,000.

### *Motion for Default Judgment*

Is a further request that the Defendant's be held as non-responsive and a default judgment entered if their Answers are not submitted by new counsel within thirty (30) days of your honor's ruling on this matter.

### *Conclusion*

Wherefore it is requested Plaintiff's Motions be **GRANTED**.

I have reviewed the documents submitted and to the best of my knowledge they are true and correct copies. Further, as relates to my personal knowledge, I hereby certify all the information contained herein is true, to the best of my knowledge, understanding and belief under the penalty of perjury.

_____          4/10/2006
Raquel Y. Gordon, Pro Se                            DATE
6332 Southlake Court
Bryans Road, MD 20616
TEL: 301-283-6251

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *Plaintiff's Motion to Disqualify due to Conflict of Interest, Motion to Strike USDOJ And/or USPTO Submissions, Motion to Strike Affidavits of James J. Matthews, Motion for Default Judgment, Request for Sanctions, and Affidavit in Support Thereof* on the date indicated in the following manner:

(Via Facsimile without Exhibits and Via First Class Mail with Exhibits)
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____          4/10/2006
Raquel Y. Gordon, Pro Se                Date