UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAQUEL Y. GORDON, ) ) Plaintiff, ) ) v. ) ) CARLOS GUTIERREZ, ) Secretary of Commerce, *et al.*, ) ) Defendants. ) | Civil Action No.: 05-1926-RBW |

**DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTIONS UNTIL AFTER COURT RULES ON PENDING DISPOSITIVE MOTION**

Defendants, Carlos Gutierrez, U.S. Secretary of Commerce, *et al.*, respectfully move to enlarge time for Defendants to respond to Plaintiff's pending motion, styled "Plaintiff's Motion to Disqualify/Exclude Due to Conflict of Interest, Motion to Strike USDOJ and/or USPTO Submissions, Motion to Strike Affidavits of James J. Matthews, Motion for Default Judgment, Request for Sanctions, and Affidavit in Support Thereof," which the Clerk has entered as two separate motions, docket entry nos. [25] and [26], as well as any other motions Plaintiff may file prior to the Court's ruling on Defendants' pending dispositive motion, no. [11]. (For ease of reference, a copy of the docket sheet is attached hereto.) Defendant respectfully requests a deadline of thirty days after the Court rules on Defendants' motion to dismiss for Defendants to respond to any of Plaintiff's pending motions which will not have been mooted by the Court's ruling on the dispositive motion, unless the Court specifically sets a different deadline for any particular motion.

Plaintiff filed this case *pro se*, seeking relief under numerous statutory provisions,

including *inter alia* Title VII, the Federal Tort Claims Act, and the Privacy Act. Since the filing of Defendants' motion to dismiss, Plaintiff has filed several motions, each time seeking sanctions based on the same unsupported and irresponsible allegations and each time failing to comply with the explicit safeharbor provisions in Rule 11. Each of these motions, including the instant motions in [25] and [26] are without merit and could only have been filed with the vexatious purposes of delay and harassment.

At the same time, a ruling on Defendants' dispositive motion is likely to alleviate the need for the Court to consider these motions at all. Arguably, the Court may need to resolve the question of whether the Court should consider the Matthews declaration in order to reach a decision on Defendants' motion to dismiss, because Plaintiff has already moved for the declaration to be stricken, per her motion no. [17]. But that motion is already fully briefed and Plaintiff's instant motions, [25] and [26], merely repeat that same request and grounds again, just as she had already repeated them previously in no. [22]. Plaintiff's pattern of harassing filings is becoming clearer with each passing month, and the proposed order strikes an appropriate balance between permitting her to file motions with the Court, while relieving both the Court and Defendants of the burden of responding to each new filing until and unless such response is actually necessary.

Copies of a draft of this motion and the proposed order were faxed to Plaintiff yesterday, and in a telephone conference with Plaintiff late yesterday afternoon, she indicated that she opposes this motion. (Counsel for Defendants sought out Plaintiff's position on the motion, even though Local Rule 7(m) applies, by its terms, only to "counsel" and does apply not to *pro se* litigants, cf. LCvR 16.3(a) (expressly including "any nonprisoner *pro se* party").)

April 20, 2006                              Respectfully submitted,

 

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing Defendants' Motion to Enlarge Time to Respond to Plaintiff's Motions until after Court Rules on Pending Dispositive Motion was served upon *pro se* plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> Raquel Y. Gordon
> 6332 Southlake Court
> Bryans Road, MD 20616

on this 20th day of April 2006.

$\overline{\phantom{XXXXXXXXXXXXXXXXXXXXXX}}$
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov