UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAQUEL Y. GORDON,<br><br>       Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ,<br>    Secretary of Commerce, *et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.: 05-1926-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTIONS UNTIL AFTER COURT RULES ON PENDING DISPOSITIVE MOTION**

Defendants, Carlos Gutierrez, Secretary of Commerce, *et al.*, respectfully file this reply in support of their motion to enlarge time to respond to Plaintiff's pending motions, docket entry nos. [25] and [26], as well as any other motions Plaintiff may file prior to the Court's ruling on Defendants' pending dispositive motion, no. [11]. Plaintiff's faxed opposition to the motion was accompanied by three additional meritless motions, further demonstrating the propriety of Defendants' motion. See Ex. 1 (Plf. Opp. and new motions, all unfiled as of this morning).

Plaintiff's vague allegations of taint and corruption do not relate in any intelligible manner to any particular factual or legal issues now before the Court. The gist appears to be that the agency's EEO process improperly permitted agency counsel defending the EEO complaint to serve in a decisional capacity as well. Plaintiff neither supports this allegation with credible evidence, nor does she explain any link between the allegation and either (1) any particular argument or position in this Court "tainted" thereby, or (2) any legal basis for relief of any kind on the basis of such allegation. Instead, it appears simply to be, at best, a matter well beyond the

scope of the complaint. Such undifferentiated allegations do nothing to advance any of Plaintiff's disparate motions.

As to her other allegations regarding contact with the undersigned, it was Plaintiff who requested service by mail and undersigned agreed. By way of background, Plaintiff began serving this Office by fax as early as last year, without contacting the undersigned first, and so the undersigned presumed (incorrectly), that she would accept return service by fax (in addition to mail). Per the one phone call, undersigned counsel will now serve Plaintiff by mail. Finally, a copy of the docket sheet was attached to the instant motion specifically at Plaintiff's request, so she could refer to the filings by docket entry number. Her other allegations are meritless.

Defendants respectfully suggest that Plaintiff has already demonstrated a clear pattern of abusive filings of redundant, overlapping, meritless, and procedurally defective filings. The proposed order is, therefore, a reasonable and appropriate step "to secure the just, speedy, and inexpensive determination" of this case. See Fed. R. Civ. Pro. 1.

May 8, 2006                                Respectfully submitted,

 

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Defendants' Reply in Support of Motion to Enlarge Time to Respond to Plaintiff's Motions until after Court Rules on Pending Dispositive Motion was served upon *pro se* plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

>Raquel Y. Gordon
>6332 Southlake Court
>Bryans Road, MD 20616

on this 8th day of May 2006.

>/s/
>ALAN BURCH, D.C. Bar # 470655
>Assistant United States Attorney
>555 4th St., N.W.
>Washington, D.C. 20530
>(202) 514-7204
>alan.burch@usdoj.gov