6332 Southlake Court
Bryans Road, MD 20616
Tel: 301-283-6251

**Raquel Y. Gordon, Pro Se**

# Fax

| To: | Alan Burch | From: | Raquel Y. Gordon, Pro Se |
|---|---|---|---|
| Fax: | 202-514-8780 | Pages: | 14 (including this one) |
| Phone: | 202-514-7204 | Date: | 4/27/2006 |
| Re: | Raquel Y. Gordon, et al. v. Carlos M. Gutierrez Civil Action No. 05-1926-RBW | CC: | |

☐ Urgent    X For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

• Comments:

Dear Mr. Burch,

Please kindly accept:

1. OPPOSITION TO DEFENDANT'S REQUEST TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTION UNTIL AFTER COURT RULES ON PENDING DISPOSITIVE MOTION (5 PAGES)

2. MOTION FOR PRE-TRIAL TAINT HEARING AND REQUEST FOR SUPOENAS (3 PAGES)

3. PLAINTIFF'S MOTION FOR WITNESS LIST TO BE HELD UNDER SEAL AND REQUEST FOR AN IN CAMERA INSPECTION (2 PAGES)

4. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (3 PAGES)

Thank you,

Raquel Y. Gordon, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Y. Gordon, Pro Se )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Carlos Gutierrez, )<br>Secretary of Commerce, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1926-RBW |

**OPPOSITION TO DEFENDANT'S REQUEST TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTIONS UNTIL AFTER COURT RULES ON PENDING DISPOSITIVE MOTION**

1. Plaintiff request's *Defendant's Motion To Enlarge Time To Respond To Plaintiff's Motion Until After Court Rules On Pending Dispositive Motion* is denied as 1) completely devoid of good faith, and 2) not showing good cause. Plaintiff files herewith *Plaintiff's Motion for Documents to be Held Under Seal, Plaintiff's Motion for Protective Order*

2. On April 10, 2006, Plaintiff filed a motion requesting the USDOJ and the USPTO be disqualified due to a serious conflict of interest. It is strongly believed the USDOJ and the USPTO have had an unfair advantage since there is evidence an Attorney in the USPTO's Office of General Counsel had access to Plaintiff's confidential information when she served as both Acting EEO director and Opposing Counsel while Appellant's case was in the EEO stages. Plaintiff strongly believes this case has been tainted by her since she was never screened

Civil Action No. 05-1926-RBW                                                                 Page 1 of 5

from other USPTO attorneys and USDOJ attorneys. It is further believed all of the documents the USDOJ has submitted thus far are "fruit of the poisonous tree" since it is believed USPTO attorneys have poisoned the Defendant's filings by closely assisting the USDOJ on this case.

3. "Taint" is synonymous with "corruption."[1] Plaintiff has made a serious allegation of wrong-doing by counsel in this case. Ruling on dispositive motions clouded by taint is unfounded and frowned upon in modern day law. It appears Opposing Counsel is requesting Your Honor to engage in a civil conspiracy when Opposing Counsel asks Your Honor to consider the tainted evidence prior to the motions to strike the tainted evidence when he writes:

> Defendant respectfully requests a deadline of thirty days after the Court rules on Defendant's motion to dismiss for Defendants to respond to any of Plaintiff's pending motions which will not have been mooted by the Court's ruling on the dispositive motion....At the same time a ruling on Defendant's dispositive motion is likely to alleviate the need for the Court to consider these motions at all.

4. For Opposing Counsel to even fathom such a request for Your Honor to act in such a vile, unethical manner is contrary to the expected upstanding behavior of a legal officer acting in good faith. Further, Opposing Counsel's request that Your Honor ignore the strong possibility of taint to the case and rule on a dispositive motion speaks for itself regarding the lack of respect Opposing Counsel has for the legal system and for this serious allegation of conflict of interest by USDOJ and USPTO which appears to inflate to a high level of misconduct. It appears Opposing Counsel's motion serves to boost the credibility of Plaintiff's allegations this case is highly tainted and will continue to be tainted if Opposing

---

[1] Merriam-Webster, Online Dictionary, http://www.m-w.com/dictionary/taint

Civil Action No. 05-1926-RBW                                    Page 2 of 5

Counsel's at the USDOJ and the USPTO are not disqualified from acting in this case due to a continued conflict of interest and unethical behavior.

5. Your honor's ruling on any outstanding dispositive motion before considering whether or not there is taint to this case would be *highly prejudicial* toward the Plaintiff.

6. It is believed when your honor reviews the record, it will become clear Plaintiff's filed motions were necessary to clear up Defendant's cloudy representations.

7. Please note, the last two motions filed by the Defendant have not addressed any substantive issues but have been uncivil attempts to bash pro se plaintiff to divert from pro se Plaintiff's scholarly arguments and thorough investigations.

8. On April 19, 2006, Defendant ambushed Plaintiff with a facsimile without first asking Plaintiff, whose facsimile number has not been given to the Court or Opposing Counsel, if he could serve a document by facsimile to Plaintiff. Plaintiff did not provide the Court or Opposing counsel with any facsimile information since it is unduly burdensome for financial strapped Plaintiff to receive facsimiles due to lack or resources. Two unsuccessful attempts were made before a USDOJ clerk called to ask for permission to serve any document by facsimile. Plaintiff, by chance, was at that time at home and able to set up the fax machine and receive the document since upon asking she was told by the USDOJ Clerk (Kathy), the facsimile comprised approximately six (6) pages. Upon receiving the Opposing Counsel's facsimile, Plaintiff called to indicate the document was unclear and incomprehensible since he referred to Plaintiff's filings as [11], [15], [17] [22], [25], and [26]. Plaintiff did not have access to the electronic filing documents.

Civil Action No. 05-1926-RBW                                Page 3 of 5

Plaintiff further indicated she opposed the fact the document requested dispositive motions be heard before consideration as to whether the motions are tainted, in fact. Opposing Counsel made no comment other than that is what he understood Plaintiff's position to be. Plaintiff kindly requested that Opposing Counsel transmit, by facsimile, a comprehensible document, but he insisted to mail the document in a suspiciously evasive manner. In that respect, Opposing Counsel's incorporation of confusion into the situation did not show a good faith attempt to consult with Pro Se Plaintiff.

## CONCLUSION

Wherefore Pro Se Plaintiff requests Defendant's motion for Extension of Time be **DENIED**.

I have reviewed the documents submitted and to the best of my knowledge they are true and correct copies. Further, as relates to my personal knowledge, I hereby certify all the information contained herein is true, to the best of my knowledge, understanding and belief under the penalty of perjury.

_____          4/27/05
Raquel Y. Gordon, Pro Se                   _____
6332 Southlake Court                       DATE
Bryans Road, MD 20616
TEL: 301-283-6251

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *Plaintiff's Motion to Disqualify due to Conflict of Interest, Motion to Strike USDOJ And/or USPTO Submissions, Motion to Strike Affidavits of James J. Matthews, Motion for Default Judgment, Request for Sanctions, and Affidavit in Support Thereof* on the date indicated in the following manner:

**(Via Facsimile)**
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____          4/27/06
Raquel Y. Gordon, Pro Se              Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Y. Gordon, Pro Se )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Carlos Gutierrez, )<br>Secretary of Commerce, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1926-RBW |

## PLAINTIFF'S MOTION FOR A PRE-TRIAL TAINT HEARING AND REQUEST FOR SUPOENAS

In light of District of Columbia Bar Rules, Rules of Professional Conduct, R. 1.6, R. 1.7, R.1.9 1.10, R.1.12, 1.16, R.3 in its entirety, and the points and authorities incorporated by reference in *Plaintiff's Motion to Disqualify* [Docket entry nos. 25 and 26], Plaintiff hereby requests a *Pre-Trial Taint Hearing* in order to determine if the USDOJ and/or the USPTO should be disqualified due to a conflict of interest. Further, it is requested a determination be made as to whether Defendant's motions are "fruit of the poisonous tree" and should be stricken from the record.

Pro Se Plaintiff further moves for a pre-trial taint hearing to be conducted before ruling on any motions in this Plaintiff's *Motion to Disqualify* (i.e. docket entries no. Plaintiff's [25]). It is believed it is necessary to determine if Opposing Counsel are acting improperly under rules of professional ethics for government attorneys proscribed in the 28 USC 530B (1994) (codifying the *Citizen's Protection Act*, mandating that federal government attorneys apply with all rules of professional ethics) and 18 USC 3006 (1994)

Civil Action No. 05-1926-RBW                                            Page 1 of 3

(codifying the *Hyde Amendment*, imposing monetary costs on federal attorneys for bad faith conduct.)

It is requested the witnesses presented under seal be subpoenaed for the purposes of any pre-trial taint hearing under protective protect the witnesses from further retaliation, harassment, "coaching," and/or further taint which may prevent the witness from testifying cooperatively.

_____  4/27/06
Raquel Y. Gordon, Pro Se      DATE
6332 Southlake Court
Bryans Road, MD 20616
TEL: 301-283-6251

Civil Action No. 05-1926-RBW                                Page 2 of 3

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *Plaintiff's Motion for a Pre-Trial Taint Hearing* on the date indicated in the following manner:

**(Via Facsimile)**
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____                             _____4/27/06_____
Raquel Y. Gordon, Pro Se                                           Date

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Y. Gordon, Pro Se )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Carlos Gutierrez, )<br>Secretary of Commerce, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1926-RBW |

### PLAINTIFF'S MOTION FOR WITNESS LIST TO BE HELD UNDER SEAL AND REQUEST FOR AN IN CAMERA INSPECTION

Pursuant to LCvR 5, Plaintiff requests the proposed Witness List filed herewith be held under seal until sufficient protective orders be signed by the USDOJ and USPTO in protection of the witnesses against further retaliation, harassment, "coaching," and/or taint.

Further, it is requested that the names not be released to the public unless the witness signs a written consent.

_____      4/27/06
Raquel Y. Gordon, Pro Se         DATE
6332 Southlake Court
Bryans Road, MD 20616
TEL: 301-283-6251

Civil Action No. 05-1926-RBW                                    Page 1 of 2

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *Plaintiff's Motion Witness List to be Held Under Seal* on the date indicated in the following manner:

**(Via Facsimile)**
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

/s/ Raquel Y. Gordon, Pro Se

4/27/06
Date

Civil Action No. 05-1926-RBW                                                                 Page 2 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Y. Gordon, Pro Se ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1926-RBW |
| v. ) | |
| ) | |
| ) | |
| Carlos Gutierrez, ) | |
| Secretary of Commerce, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Title VII, its supporting civil rights laws, and LCvR 5.1, Pro Se Plaintiff hereby moves for a Protective Order in order to protect the potential witnesses from harassment, retaliation, coaching, and/or further taint. All of the witnesses listed are those in which it is believed they have first hand knowledge as to the conflict of interest engaged in by USPTO attorneys which has plagued the USDOJ. It is believed the protective order is needed since all the witnesses listed under seal continue to work at the USPTO or have since left the USPTO but may have active complaints filed against the USPTO or active ties with the USPTO.

It is further believed consultation with Opposing Counsel on this matter is premature and would further result in futile efforts since the facts in the record (i.e. she Exhibits attached to Plaintiff's Motion to Disqualify at docket entry no. 25 and 26) show the USPTO continuously denies any wrong doing.

Civil Action No. 05-1926-RBW                                                  Page 1 of 3

I certify I have reviewed all of the Exhibits referred to herein and they appear to be true and correct copies. Further, I hereby certify all the information contained herein is true, to the best of my knowledge, understanding and belief under the penalty of perjury.

_____     4/27/06
Raquel Y. Gordon, Pro Se       DATE
6332 Southlake Court
Bryans Road, MD 20616
TEL: 301-283-6251

Civil Action No. 05-1926-RBW                                           Page 2 of 3

## CERTIFICATE OF SERVICE

This is to certify the other party was served with the *Plaintiff's Motion for a Protective Order* on the date indicated in the following manner:

(Via Facsimile)
Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____
Raquel Y. Gordon, Pro Se

_____4/27/06_____
Date