UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAQUEL Y. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1926 (RBW) |
| ) | |
| CARLOS GUTIERREZ, Secretary, ) | |
| United States Department of Commerce, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss, or in the alternative, for more definite statement and to transfer this case to the United States District Court for the Eastern District of Virginia.[1] Having considered the motion and plaintiff's response, the Court will transfer this civil action as requested.

I.   BACKGROUND

Plaintiff is an African American female who resides in Maryland. Complaint ("Compl.") at 2, 4.[2] She is a former Patent Examiner for the United States Patent and Trademark Office ("USPTO") in its Technology Center 2800/Art Unit 2853. *Id.* at 4. She alleges that she

---

[1] Also before the Court are several motions filed by plaintiff, which all will be denied without prejudice.

[2] The Complaint filed by plaintiff was missing pages 11, 12, 1, 18, and 20, but plaintiff filed a complete copy of the complaint on March 17, 2006 [Dkt. #24]. Accordingly, defendants' motion for a more definite statement will be denied.

1

"experienced discrimination in the workplace starting as early as approximately December 1997." *Id.* Specifically, plaintiff states that after having developed a social relationship with her supervisor Nancy Le, Ms. Le "asked the Plaintiff to have sex with Nancy Le's husband." *Id.* at 5. Upon rejecting Ms. Le's requests, plaintiff alleges that she began to experience "disparate and discriminatory treatment." *Id.* at 6. Among other things, plaintiff alleges that Ms. Le made negative comments about her work, sent her on time-consuming "wild goose chases," delayed her grade and step increase, disqualified her for tuition assistance, and denied her training opportunities made available to white employees. *See id.* at 7-9. Even after plaintiff was transferred to another unit under another supervisor, she alleges that she was denied opportunities for advancement made available to junior examiners who were white or male. *Id.* at 10.

Plaintiff alleges that she was discriminated against on the bases of her race, color, sex, and in reprisal for having pursued a formal Equal Employment Opportunity administrative complaint. *See* Compl. at 15. In addition, she alleges that she was subjected to a hostile work environment, violations of her privacy, retaliation for whistleblower activities, and other tortious conduct. *Id.* at 16. She brings these claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, *see* 42 U.S.C. § 2000e *et seq.*, the Privacy Act, *see* 5 U.S.C. § 552a, the Equal Pay Act, *see* 29 U.S.C. § 621 *et seq.*, the Whistleblower Protection Act, *see* 5 U.S.C. § 2302, and the Federal Tort Claims Act, *see* 28 U.S.C. § 2671 *et seq.* Compl. at 15-17. She demands injunctive relief and monetary damages totalling $135 million. *Id.* at 17-19.

II. DISCUSSION

It is evident that plaintiff principally charges the USPTO with violations of employment

2

rights protected by Title VII.[3] There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination. *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895 (1969). Defendants argue, and the Court agrees, that the District of Columbia is not the proper venue for the adjudication of plaintiff's claims.

In relevant part, Title VII provides that a civil action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Under none of these criteria is the District of Columbia the proper venue. Nothing in the complaint or in plaintiff's subsequent submissions shows that any relevant event occurred in the District of Columbia, or that any relevant record is maintained in the District of Columbia, or that plaintiff would have worked in the District of Columbia but for defendants' alleged unlawful employment practices.

Notwithstanding the USPTO's continued use of a Washington, D.C. mailing address, its offices have been located in Northern Virginia since the late 1960s. *See* Defendant's Combined

---

[3] The proper defendant in a civil action under Title VII is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). In this case, the Director of the USPTO is the proper defendant. *See Varma v. Gutierrez*, 421 F.Supp.2d 110, 113 (D.D.C. 2006) (granting the Secretary of Commerce's motion to substitute the USPTO's Director as the named defendant to a Title VII action). Plaintiff's failure to name the defendant properly can be cured, and dismissal on this ground is not warranted, particularly in light of plaintiff's *pro se* status.

(1) Reply in Support of Motion to Dismiss or in the Alternative for More Definite Statement and to Transfer, (2) Opposition to Plaintiff's Motion for Jurisdictional Discovery, and (3) Opposition to Plaintiff's Motion for Sanctions ("Defs.' Reply"), Ex. 2 (Hassett Decl.) ¶¶ 2-4. The USPTO's Patents workforce moved from Crystal City to a campus in Alexandria, Virginia in phases beginning in 2003. Defendants' Motion to Dismiss or in the Alternative for More Definite Statement and to Transfer ("Defs.' Mot."), Ex. 1 ("Matthews Decl.") ¶ 2; Defs.' Reply, Ex. 1 ("Supp. Matthews Decl.") ¶ 5. Plaintiff's place of employment has been either in Arlington or Alexandria, Virginia since she was hired in April 1994. Supp. Matthews Decl. ¶ 6. The unit to which plaintiff was assigned, Technology Center 2800, moved to the Alexandria campus in early 2004. *Id.*, ¶ 7.

The Under Secretary of Commerce for Intellectual Property and Director of the USPTO maintains his office at the USPTO's headquarters in Alexandria, Virginia. Matthews Decl. ¶ 4. USPTO's Office of Human Resources, where documentation related to hiring, pay, and other personnel matters are maintained, now is located at the USPTO headquarters in Alexandria, Virginia. *Id.* ¶ 7; Supp. Matthews Decl. ¶¶ 2, 4. Likewise, the individuals named as defendants to this action work at the USPTO's Alexandria offices. Matthews Decl., ¶ 5.

Although plaintiff brings claims pursuant to statutes other than Title VII, application of alternative venue provisions fail to establish the District of Columbia as the proper venue. For example, a Federal Tort Claims Act suit against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of

action took place here." *Franz v. United States*, 591 F.Supp. 374, 378 (D.D.C. 1984). Plaintiff neither resides in the District of Columbia, nor has she established that any event related to this action occurred in the District of Columbia.

The general venue provision, 28 U.S.C. § 1391, applies to the Whistleblower Protection Act and Equal Pay Act claims. *See Varma v. Gutierrez*, 421 F.Supp.2d at 113 (applying 28 U.S.C. § 1391 to Equal Pay Act claims); *Spriggs v. Brownlee*, Nos. 5:04-cv-00644(NPM), 5:04-cv-00968(NPM), 5:04-cv-01064(NPM), 2006 WL 1304861, *9 (N.D.N.Y. May 9, 2006) (holding that Whistleblower Act claims are governed by the general venue provisions of 28 U.S.C. § 1391(e)). Under this provision, venue is proper "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Neither plaintiff nor the USPTO "reside" in the District of Columbia, and no part of the events set forth in the complaint occurred in the District of Columbia. Rather, the USPTO "shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located." 35 U.S.C. § 1(b). All of these venue provisions point to the Eastern District of Virginia as the proper forum for the adjudication of plaintiff's claims.

The Court either may dismiss or may transfer a civil action if it is brought in the wrong district. *See* 28 U.S.C. § 1406(a). The determination of whether an action should be transferred "is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 266 (1981). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Because the Court concludes that it is in the interest of justice

5

to transfer this action as opposed to dismissing it, the Court will transfer this action to the district where venue is proper, *see Asim El v. Belden*, 360 F.Supp.2d 90, 93 (D.D.C. 2004), which is the Eastern District of Virginia.[4]

### III.  CONCLUSION

The Court concludes that venue in this district is improper, and that transfer of this action is in the interest of justice.  Accordingly, the Court will transfer this action to the United States District Court for the Eastern District of Virginia.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

 

                                                     /s/
                                        REGGIE B. WALTON
Date:   June 29, 2006                      United States District Judge

---

[4]  The Court acknowledges that the Privacy Act specifically authorizes enforcement actions in the United States District Court for the District of Columbia.  *See* 5 U.S.C. § 552a(g)(5).  Judicial economy, however, will be served by transferring this action in its entirety.  *See Al-Beshrawi v. United States*, No. 04-0743, 2005 WL 3274104, *5 (D.D.C. Aug. 3, 2005) (transferring Privacy Act and Whistleblower Act claims, along with Title VII and Rehabilitation Act claims, brought against USPTO to Eastern District of Virginia).